# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RICHARD NANCE #09-08751** | § | |
| | § | |
| **V.** | § | A-09-CA-361-SS |
| | § | |
| **GREG HAMILTON and** | § | |
| **SUSAN STORY** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002. Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex in Del Valle, Texas. Plaintiff complains he has been charged for medical services while confined in the jail. Plaintiff contends the charges for chronic care are illegal. Plaintiff seeks a refund.

## DISCUSSION AND ANALYSIS

A.     Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

1

may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.  Charges for Medical Care

Plaintiff complains his inmate trust account has been charged for the medical care he has received while in Travis County custody. Texas law authorizes counties to require non-indigent prisoners in county jail facilities to pay for medical services rendered. See TEX. CODE CRIM. PROC. ANN. art. 104.002(d). If Plaintiff wishes to assert he was incorrectly charged for medical services, his claim still would not result in a violation of due process because Plaintiff has an adequate post-deprivation remedy. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). Stated differently, Plaintiff could sue in state court if he believed he was overcharged or incorrectly charged for medical services.

RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in

(a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of June, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE